IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT LEWIS CUNIGAN III | § | |
| v. | § | CIVIL ACTION NO. 6:05cv16 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robert Cunigan, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cunigan was convicted of murder, receiving a sentence of 30 years in prison. He contends in this petition that he is actually innocent, pointing to five affidavits from witnesses recanting their prior testimony or statements. The Respondent was ordered to answer and did so, asserting that actual innocence is not a basis for federal habeas corpus relief, the statute of limitations had expired on Cunigan's claims, and that Cunigan failed to show that he was innocent even were this a ground for relief. Cunigan filed a response to the answer arguing that innocence is a valid basis for relief, that a rational trier of fact could not have found him guilty without the use of perjured testimony, that the chief witness against him misidentified him, that the prosecution failed to disclose exculpatory evidence, and that there was no evidence to support "non-accomplice testimony."

The Magistrate Judge discussed the testimony given at trial in some detail, as well as the recanting affidavits provided by Cunigan. After rejecting the Respondent's assertion that the

limitations period had expired, the Magistrate Judge stated that under applicable Fifth Circuit precedent, actual innocence is not a basis for federal habeas corpus relief. Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000). To the extent that Cunigan relied on such a claim, the Magistrate Judge concluded that this had no merit. However, the Magistrate Judge observed that state law provides Cunigan with the option of seeking executive clemency, the traditional remedy for claims of innocence based upon new evidence, and that this option remains open to him. *See* Tex. Code Crim. Pro. art. 48.01.

The Magistrate Judge went on to say that Cunigan had failed to set out a "truly persuasive" claim of actual innocence even if such a claim were a basis for habeas corpus relief. To establish such a claim, the Magistrate Judge said, Cunigan had to support his allegations with new, reliable evidence not presented at trial, and show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. Finley v. Johnson, 243 F.3d 215, 221 (5th Cir. 2001). The Fifth Circuit has noted in this respect that recanting affidavits and witnesses are "viewed with extreme suspicion" by the courts. Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir. 1996).

The Magistrate Judge examined each of the affidavits presented and concluded that only two of the recanting statements made were even arguably significant. These two were the recantation of the statement by Larry Stanford that Cunigan had told him to pick up a holster which he, Cunigan, had dropped and to give the holster to his sister, and the recantation of assertions by Veronica Lyons regarding incriminating statements allegedly made by Cunigan. However, the Magistrate Judge observed that there was no indication in the record that Veronica Lyons' statement was even before the jury.

After review of these matters, the Magistrate Judge concluded that Cunigan had not shown that had the evidence of the recanting statements been before the jury, it was more likely than not that no reasonable juror would have convicted him. Consequently, the Magistrate Judge recommended that this claim be dismissed as well.

The Magistrate Judge next observed that Cunigan appeared to raise other grounds for relief as well. The first of these is a contentions that his conviction could not have been secured without the use of "perjured testimony." The Magistrate Judge concluded that this contention had not been exhausted and that it lacked merit because Cunigan did not show that the allegedly perjured testimony was material or that the prosecution used it knowing that it was false.

Second, Cunigan complained that the identification of him by the key witness, Stevenson, at trial was either "coached" or a "misidentification," At trial, Stevenson unequivocally identified Cunigan as the shooter. The Magistrate Judge said that Cunigan's speculation that Stevenson had been "coached" or that it was a misidentification did not entitle him to relief.

Cunigan complained that the State failed to disclose exculpatory evidence, this being the testimony of a person named Steven Gibson. The Magistrate Judge said that this claim was intended to boost Cunigan's assertion of actual innocence, which is not a basis for habeas corpus relief, and that to the extent that Cunigan sought to raise a claim for suppression of exculpatory evidence, he had not presented such a claim to the state courts and so it is unexhausted. Furthermore, the Magistrate Judge said that Cunigan has not shown that had Gibson been called to testify, the result of the proceeding would probably have been different; although he expected Gibson to testify that it was he, not Cunigan, who was at the scene, all of the witnesses at trial, including defense witnesses, placed Cunigan and not Gibson there. Finally, the Magistrate Judge said that to the extent that Cunigan raised a claim that the evidence was insufficient to support a conviction, this claim was without merit. The Magistrate Judge therefore recommended that the petition be dismissed.

Cunigan filed objections to the Magistrate Judge's Report on July 13, 2006. In his objections, Cunigan raises three basic points. These are: (1) Ronnie Stevenson was an accomplice witness, and his testimony had no "true corroboration"; (2) the State has a duty to correct perjured testimony even if it has no actual knowledge that the testimony is false; and (3) the State's promise of non-prosecution had an effect on the testimony of the witnesses. These objections have no merit.

Under Texas law, an accomplice witness is one who participated with another before, during, or after the commission of a crime and can be prosecuted for the same offense with which the accused is charged. Nguyen v. State, 177 S.W.3d 659, 668 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd). The fact that Stevenson and Young, the deceased, tried to buy cocaine from Cunigan and the other men does not make Stevenson an "accomplice" because he could not be prosecuted for murder, the offense for which Cunigan was convicted. This objection is without merit.

Cunigan's contention that the State has a duty to correct perjured testimony even without knowledge that the testimony was perjured would place an insurmountable burden upon prosecutors. In fact, the law provides that a state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected; in order to obtain relief, the defendant must show that the testimony was false, that the State knew that it was false, and that the testimony was material. Even if the testimony given by the recanting witnesses at trial was false, Cunigan has not shown that the prosecution knew this, nor that the prosecution knew or could have known that these witnesses would recant their statements almost ten years later. His objection on this point is without merit.

Finally, Cunigan reiterates his assertion that Stevenson was an accomplice witness and says "it is ludicrous for the State to suppose" that the promise of non-prosecution to its chief witnesses "did not affect their motive ir the character of their testimony."

To the extent that Cunigan asserts that the State failed to disclose agreements not to prosecute in exchange for favorable testimony, such a claim was not presented to the state courts and thus is unexhausted. Consequently, Cunigan has procedurally defaulted this claim. See Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995). In addition, Stevenson readily admitted that he had driven to Wills Point in an attempt to purchase cocaine, and that he tried to buy drugs from a group of strangers standing on a street-corner, both of which activities were before the jury and provided Cunigan with ample opportunity to cast aspersions upon Stevenson's credibility. Cunigan has failed to show that he is entitled to relief and his objections are without merit.

4

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto (including the attached new witness affidavit), and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 21st day of July, 2006.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**